# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM MISKOKOMON,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PALMER ADMINISTRATIVE SERVICES, INC.,** a Delaware corporation, and **OX CAR CARE, INC.,** a Delaware corporation,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff William Miskokomon ("Miskokomon" or "Plaintiff") brings this Class Action Complaint and Jury Trial Demand against Defendant Palmer Administrative Services, Inc. ("Palmer") and Defendant Ox Car Care, LLC ("OCC") to stop Defendants from violating the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers without their consent, including calls to consumers registered on the National Do Not Call registry, and calls to consumers that have demanded that Defendants stop calling, and to obtain injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Palmer sells aftermarket extended vehicle warranties to vehicle owners throughout the U.S.

2. Palmer does not directly market to consumers. Instead, Palmer engages other companies to act on Palmer's behalf to market and promote Palmer's warranty products directly to consumers.

3. One such company is OCC, which markets vehicle warranty plans to consumers exclusively on Palmer's behalf and for Palmer's direct financial benefit.

4. To market Palmer's warranty plans, OCC resorts to unsolicited telemarketing through the use of an autodialer and calls to consumers that have their phone numbers registered with the National Do Not Call Registry ("DNC").

5. Palmer benefits directly from the illegal practices employed by OCC. It profits from every sale, and knows or should know of the sales methods used by OCC on Palmer's behalf.

6. In Plaintiff's case, Defendants' made multiple, autodialed calls to Plaintiff, despite Plaintiff having his phone number registered with the DNC to prevent such calls, and despite Plaintiff's multiple requests for the calls to stop.

7. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendants to cease placing unsolicited calls to consumers using an automatic telephone dialing system without consent and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

**PARTIES**

8. Plaintiff Miskokomon is a Shelby Township, Michigan resident.

9. Defendant Palmer is a Delaware corporation headquartered in Ocean, New Jersey. Defendant conducts business throughout this District, New Jersey, and the United States.

10. Defendant OCC is a Delaware limited liability company headquartered in Irvine, California. Defendant conducts business throughout this District, New Jersey, and the United States.

**JURISDICTION AND VENUE**

11. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

12. This Court has personal jurisdiction over both Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Palmer is headquartered in New Jersey and directed Ox Car Care to make calls on its behalf from this District.

## COMMON ALLEGATIONS

**OCC Markets Vehicle Warranty Protection Plans Exclusively on Behalf of Palmer**

13. OCC places calls to consumers on behalf of Palmer, selling vehicle warranty plans for which Palmer is the administrator. OCC does not sell warranty plans on behalf of any other warranty providers.

14. On its website oxcarcare.com, OCC lists the different vehicle warranty plans it offers: The Elite Exclusionary Plan, The Royal Select Plan, The Premier Plan, The Classic Plan, The PowerTrain and The Basic Plan. These same *exact plans* are listed on Palmer's corporate website palmeradministration.com/plans, including the exact same wording used to describe each plan as seen below:



*Figure 1: Defendant Palmer's Website palmeradministration.com/plans*

15. Between at least November 2016 to August 2018, OCC even used the same graphics and descriptions of the plans as seen below like Palmer above:



*Figure 2: Defendant OCC's website oxcarcare.com/*

16. Up until at least August 2018, OCC even provided a link on its website to a sample vehicle service agreement OCC was marketing on Palmer's behalf:

**VEHICLE SERVICE AGREEMENT**

Palmer Administrative Services, Inc.
3430 Sunset Avenue
Ocean, NJ 07712

Congratulations on **Your** purchase. **You** have selected a comprehensive **Vehicle Service Agreement** giving **You** peace of mind and security against mechanical **Failures** under the terms herein.

CUSTOMER SERVICE – 1 (800) 599-9557

CLAIMS – 1 (732) 918-2478

**\*\*\*\*\*\*\*\*\*\***

**DEFINITIONS**

The following definitions apply to words frequently used in this Service Agreement and appear in boldface type.

**Administrator** refers to Palmer Administrative Services, Inc.

17. In fact, any consumer that purchases an OCC marketed vehicle warranty plan and then seeks to cancel it must seek a refund directly from Palmer.[4]

18. Therefore it is clear that Palmer contracts with and is effectively paid by the consumers OCC markets to, and that Palmer is the seller of the products OCC markets.

19. Palmer knows or should know of the unlawful practices OCC employs on Palmer's behalf. In fact, on Palmer's own Better Business Bureau page there are numerous complaints about consumers receiving unsolicited calls marketing Palmer warranties:

- "You call people out of the blue and convince them that they 'need' to buy a warranty for their vehicle and you get their money immediately with the promise that if they are unsatisfied within 30 days that they can get a full refund and cancel."[5]

- "I purchased a contract agreement in January, 2018, after weeks of harassing and undesired solicitations, as many as a dozen in a day."[6]

- "Where do I start? They call me non stop using spoofed phone numbers. Been going on for at least two years."[7]

- "I have had several calls from [different] phone numbers, why [not] use your own number."[8]

20. Similar online complaints exist for OCC.[9]

**OCC Markets Palmer's Products by Making Autodialed Calls to Consumers Without Their Consent and Regardless of Whether Their Phone Numbers Are on the DNC**

21. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

22. Yet in violation of this rule, Defendants do not have consumers' express written consent prior to making autodialed and other solicitation calls to them.

23. In placing some or all of the calls on Palmer's behalf that form the basis of this Complaint, OCC used an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendants has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially

---

[1] https://web.archive.org/web/20161107081127/http://oxcarcare.com:80/
[2] https://web.archive.org/web/20180815103212/http://oxcarcare.com/img/Select.pdf
[3] https://web.archive.org/web/20180815103212/http://oxcarcare.com/img/Select.pdf
[4] *Id.*
[5] https://www.bbb.org/us/nj/ocean/profile/extended-warranty-contract-service-companies/palmer-administrative-services-0221-90163943/customer-reviews
[6] *Id.*
[7] *Id.*
[8] https://www.revdex.com/reviews/palmer-administrative-services/922777
[9] https://800notes.com/Phone.aspx/1-727-440-8708

similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

24. Not surprisingly, there are numerous online complaints about OCC's calls on Palmer's behalf from consumers who never consented to be called, including consumers that requested that Defendants stop calling:

- "Ox Car Care telemarketers have called my cellphone repeatedly to advertise extended car warranties, in spite of the fact that I am on the national Do Not Call List. I have sent email correspondence to them with no response from the company. I would like contact from them in order to settle this matter."[10]

- "Claim to be with Ox Car Care and they say they sell warranties for cars after original expires. $3,089 for 75,000 miles coverage. Say they are selling Palmer Insurance Co warranties. Idiots. Pests. Call and call and call. I wasted 15 minutes of their time to get even."[11]

- "Knew about previous car I owned. Tried to sell car warranty on car I currently lease. Told them that I lease new every 3 years. Doesn't stop the calling."[12]

- "These people call me seven to ten times a day,I want it to stop…."[13]

- "They knew my Car Type and model."[14]

- "Unsolicited call"[15]

**PLAINTIFF MISKOKOMON'S ALLEGATIONS**

**On Palmer's Behalf, OCC Repeatedly Called Plaintiff Without His Consent, Despite Plaintiff Registering His Phone Number on the DNC**

25. On June 1, 2011, Plaintiff registered his telephone number on the DNC.

---

[10] https://www.bbb.org/us/ca/irvine/profile/auto-warranty-plans/ox-car-care-1126-172015721/complaints
[11] https://800notes.com/Phone.aspx/1-727-440-8708
[12] *Id.*
[13] *Id.*
[14] https://www.shouldianswer.com/phone-number/7274408708
[15] https://www.shouldianswer.com/phone-number/6162166941

8

26. In the middle of 2017, Plaintiff began to receive autodialed calls from OCC on behalf of Palmer. When Plaintiff would answer the calls, there would be a several second long audible pause before a live agent would come on the line, indicating the use of an autodialer.

27. The live agents would tell Plaintiff that they were calling about a warranty for a vehicle that Plaintiff does not own. Plaintiff would reply by telling them that he has never owned the car and would request that they stop calling him.

28. Despite his many stop requests, OCC continued to place autodialed calls to Plaintiff on Palmer's behalf. For example, on August 22, 2018 alone, which was more than one year from the time the calls first started, Plaintiff received three autodialed calls to his cellular phone. OCC called him at 10:53 AM using phone number 313-209-6801, 11:03 AM using OCC's main phone number 844-299-0885[16] and at 6:55 PM using phone number 616-216-6941.

29. Plaintiff does not have a relationship with Defendants and has never consented to their calling him in writing or otherwise.

30. The unauthorized telephone calls made by OCC of Palmer's behalf, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Miskokomon's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

31. Seeking redress for these injuries, Miskokomon, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited telemarketing using an autodialer and/or to consumers whose phone numbers are registered on the DNC.

---

[16] https://www.oxcarcare.com/

# CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by OCC Agents, for Which Palmer Should Be Held Liable As Well**

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following four Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendants called, (2) for the same reason that Defendants called Plaintiff, (3) using the same calling equipment Defendants used to call Plaintiff, and (4) for whom Defendants (a) claim they obtained prior express written consent in the same manner as they claim to have obtained prior express written consent to call Plaintiff, or (b) do not claim to have obtained prior express written consent.
>
> **Autodialed Stop Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendants called, (2) using the same calling equipment Defendants used to call Plaintiff, (3) after the person informed Defendants that s/he no longer wished to receive phone calls from Defendants.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendants called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the DNC for at least thirty days, (4) for the same reason Defendants called Plaintiff, and (5) for whom Defendants (a) claim they obtained prior express written consent in the same manner as they claim to have obtained prior express written consent to call Plaintiff, or (b) do not claim to have obtained prior express written consent.
>
> **Do Not Call Stop Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendants called more than one time, (2) within any 12-month period, (3) at least thirty days after the person informed Defendants that s/he no longer wished to receive phone calls from Defendants, (4) for the same reason Defendants called Plaintiff.

33. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against either Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

34. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendants used an automatic telephone dialing system to make calls to Plaintiff and the members of the Classes;

   (b) whether Defendants systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the DNC;

   (c) whether Defendants made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

   (d) whether Defendants made calls to Plaintiff and members of the Classes after they told Defendants to stop calling;

   (e) whether Defendants' conduct constitutes a violation of the TCPA; and

   (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

37. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Miskokomon and the Autodialed No Consent Class)**

38. Plaintiff repeats and realleges paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

39. Defendants made unwanted solicitation telephone calls to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

40. These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such calls.

41. Defendants did not have consent from the Plaintiff orally or in writing to call him.

42. Defendants have, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B), entitling Plaintiff and other members of the Autodialed No Consent Class to between $500 and $1,500 per violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Miskokomon and the Autodialed Stop Class)**

43. Plaintiff repeats and realleges paragraphs 1 through 37 of this Complaint and incorporates them by reference.

44. Defendants made unwanted solicitation telephone calls to Plaintiff and the other members of the Autodialed Stop Class using an autodialer after being told to stop calling.

45. These solicitation telephone calls were made *en masse*.

46. Defendants have, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B), entitling Plaintiff and other members of the Autodialed Stop Class to between $500 and $1,500 per violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Miskokomon and the Do Not Call Registry Class)**

47. Plaintiff repeats and realleges the paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[17]

50. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

51. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

52. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period in violation of 47 C.F.R. § 64.1200, as described above, entitling Plaintiff and other members of the Do Not Call Registry Class to between $500 and $1,500 per violation.

54. **FOURTH CAUSE OF ACTION**

---

[17] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

**Telephone Consumer Protection Act
(Violation of 47 U.S.C. § 227)
(On Behalf of Plaintiff Miskokomon and the Do Not Call Stop Class)**

55. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint and incorporates them herein by reference.

56. Defendants violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to telephone subscribers such as Plaintiff and the Do Not Call Stop Class who specifically informed Defendants to stop calling them, and who received additional calls within a 12-month period from Defendants at least thirty (30) days after informing Defendants to stop calling them. Defendants made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

57. As a result of Defendants' unlawful conduct, Defendants violated 47 U.S.C. § 227(c)(5) entitling Plaintiff and other members of the Do Not Call Stop Class to between $500 and $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**WILLIAM MISKOKOMON**, individually and on behalf of those similarly situated individuals

Dated: March 19, 2020   By:  /s/ *Stefan Coleman*

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave. Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*